UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| D.A.B. CONSTRUCTORS, INC.,<br><br>*Plaintiff*,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Civil No. 6:24-cv-01151-WWB-RMN |

**UNITED STATES' ANSWER TO COMPLAINT**

The United States of America answers Plaintiff's D.A.B. Constructors, Inc.'s Complaint for refund (ECF No. 1) as follows:

Unnumbered paragraph before Paragraph 1: The United States admits that D.A.B. Constructors, Inc.'s claim is brought under 26 U.S.C. § 7422. The United States admits that this is a civil action for a refund of tax. The United States admits that the refund was duly and timely claimed and filed with the Secretary of the Treasury via the IRS. The United States denies that the refund claim remains unchallenged. The United States admits that the refund claim remains unpaid.

**JURISDICTION, VENUE, AND PARTIES**

1. The United States admits the allegations in paragraph 1.

2. The United States admits the allegations in paragraph 2.

3. The United States admits the allegations in paragraph 3.

4. The United States admits the allegations in paragraph 4.

5. The United States admits the Plaintiff's Trustee was permitted to retain attorneys Justin H. DiLauro and Carl D. Berry "pertaining to previously filed tax refund claims for one or more Employee Retention Credits, pursuant to Internal Revenue Code, Section 3134." The United States denies the two applicable Bankruptcy Court Orders were issued on June 17, 2024. The two Bankruptcy Court Orders were filed on June 13, 2024 and June 14, 2024 (ECF Nos. 661 and 662) respectively. The United States denies these Orders give the named attorneys the authority to file this action on behalf of the debtor. The assets at issue, namely this cause of action, is an asset of the estate and as such must be brought in the name of the Chapter 7 Bankruptcy Trustee.

6. The United States admits that serving the United States Attorney for the Middle District and the Attorney General of the United States is necessary, but not completely sufficient, for serving the United States with process for this matter. The Internal Revenue Service must also be served for service of process to be complete. *See* Fed. R. Civ. P. 4(i)(1)(C).

## NATURE OF THE FEDERAL TAX ISSUE AND ACTION

### Federal Employment Taxes

7. The United States admits the allegations in paragraph 7, except that it avers "FICA Taxes" are withheld under, not from, the Federal Insurance Contributions Act (FICA).

8. The United States denies the allegations in paragraph 8 but avers that pursuant to 26 U.S.C. §§ 3102, 3111, 3301, and 3402, employers are

required to withhold and pay employee income taxes and FICA taxes, and pay their own portion of FICA taxes and Federal Unemployment Tax Act (FUTA) taxes. The United States also avers that FICA and FUTA taxes are collectively commonly referred to as "employment taxes" or "payroll taxes."

9. The United States admits the allegations in paragraph 9.

10. The United States admits the allegations in paragraph 10.

## The COVID-19 Pandemic-Related "CARES" Act – Employee Retention Credit ("ERC")

11. The United States admits the allegations in paragraph 11.

12. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC for 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* Cares Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 12.

13. The United States admits the allegations in paragraph 13.

## ERC Qualification – Significant Reduction in Gross Receipts Qualification

14. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* Cares Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 14.

15. The United States denies that 26 U.S.C. § 3134 is the only statutory basis for the ERC in 2021. Section 2301(c)(2)(B) of the CARES Act, as amended by section 207(d)(2) of the Relief Act, and 26 U.S.C. § 3134(c)(2)(B) are all

statutory bases for the ERC for 2021. The United States admits that a taxpayer can qualify for the ERC during the first three quarters of 2021 if its gross receipts are less than 80 percent of the gross receipts for the same calendar quarter in 2019 (or based on the same calendar quarter in 2020 if the taxpayer did not exist in 2019). The United States denies remaining allegations in paragraph 15.

16. The United States denies the allegations in paragraph 16.

### ERC – Credit Amount Determination

17. The United States denies that 26 U.S.C. § 3134 is the statutory basis for the ERC for 2020. The CARES Act is the statutory basis for the ERC for 2020. *See* CARES Act, Pub. L. No. 116-136, § 2301(c), 134 Stat. 348 (2020). The United States admits the remaining allegations in paragraph 17.

18. The United States denies that 26 U.S.C. § 3134 is the only statutory basis for the ERC in 2021. Section 2301(c)(2)(B) of the CARES Act, as amended by section 207(d)(2) of the Relief Act, and 26 U.S.C. § 3134(c)(2)(B) are all statutory bases for the ERC for 2021. The United States admits remaining allegations in paragraph 18.

19. The United States denies that 26 U.S.C. § 3134(h)(2) is the correct statutory basis for the allegations made in this paragraph. The proper statutory basis is 26 U.S.C. § 3134(h)(1)(A). The United States admits the remaining allegations in paragraph 19.

### ERC – Refundability and Amendment for Refund Claim

20. The United States admits the allegations in paragraph 20.

21. The United States admits the allegations in paragraph 21.

22. The United States admits that under certain conditions, 26 U.S.C. § 7502 provides that the date of the United States postmark stamp shall be deemed the date of delivery. The United States denies the remaining allegations in paragraph 22.

23. The United States admits that under 26 U.S.C. § 7502 and 26 C.F.R. § 301.7502-1, in the case of a document, such as a claim for refund as described in paragraph 20 of the complaint, sent by registered or certified mail, proof that the document was properly registered or that a postmarked certified mail sender's receipt was properly issued and that the envelope was properly addressed to the agency, officer, or office constitutes prima facie evidence that the document was delivered to the agency, officer, or office. The United States further avers that if the document or payment is sent by U.S. registered mail or certified mail, the date of registration of the document or payment is treated as the postmark date. The United States denies the remaining allegations in paragraph 23.

24. The United States admits the allegations in paragraph 24.

**PLAINTIFF BACKGROUND AND FACTUAL ASSUMPTIONS**

25. The United States admits that according to the State of Florida Division of Corporations, D.A.B. Constructors, Inc. was incorporated in 1998 and was administratively dissolved on September 23, 2022. The United States further admits D.A.B. Constructors, Inc. filed for Voluntary Chapter 7 Bankruptcy

protection in the U.S. Bankruptcy Court for the Middle District of Florida on September 3, 2021. The United States further admits D.A.B. Constructors, Inc. was a Florida road construction company. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     The United States admits the allegations in paragraph 27.

28.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     The United States admits that the Plaintiff claimed ERCs in the associated table as a refund on its Form 941-X. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.     The United States admits the Plaintiff's Bankruptcy Trustee timely filed amended quarterly federal employment tax reports for the second and third quarters of 2021 with claims for refund requested for the amounts stated in paragraph 29. The United States lacks knowledge or information sufficient to form a belief about whether Plaintiff is entitled to the requested refunds.

31.     The United States denies the implication that the requested refunds are appropriate and thus unjustifiably delayed. The United States otherwise admits the remaining allegations in paragraph 31.

32. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The United States admits or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 to the extent admitted in response to the allegations in paragraphs 31 and 32 above and otherwise denies.

## CAUSE OF ACTION

34. The United States admits the allegations in paragraph 34.

35. The United States admits the allegations in paragraph 35 but lacks knowledge or information sufficient to form a belief about whether Plaintiff is entitled to the claimed relief.

36. The United States denies the implication that the requested refunds are appropriate and thus unjustifiably delayed. The United States otherwise admits the remaining allegations in paragraph 36.

37. The United States admits the allegations in paragraph 37.

38. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. The United States denies the allegations in paragraph 39.

## PRAYER FOR RELIEF

Unnumbered Paragraph: The United States lacks knowledge or information sufficient to form a belief about whether D.A.B. Constructors, Inc. is

entitled to refunds, including interest, for the specified quarters. The United States denies that Plaintiff is entitled to attorney's fees and other legal costs.

## AFFIRMATIVE DEFENSE

40. The commencement of a bankruptcy case creates a bankruptcy estate that is comprised, with limited exceptions, of all the debtor's property and rights to property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

41. Included in the property of the estate are tax refunds due the debtor that arose prior to the petition date. *See Segal v. Rochelle*, 382 US 375 (1966)(pre-Bankruptcy Code case in which Supreme Court held that a claim for refund based on a net operating loss carryback from the year in which the Chapter 7 petition was filed to a prepetition year was property of the estate).

42. The Plaintiff's interest in the ERC refunds to the extent they arose prepetition became property of the Chapter 7 bankruptcy estate when the case was commenced. The Plaintiff therefore lacks standing to bring this action.

WHEREFORE, the United States asks that Plaintiffs take nothing on its complaint, the United States be granted its costs in defending this action, and the Court award the United States any other or further relief that may be warranted.

Dated: September 30, 2024

Respectfully Submitted,
David A. Hubbert
Deputy Assistant Attorney General

By: */s/ Bensen V. Solivan*
Bensen V. Solivan

        Massachusetts Bar No. 657364
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Washington, D.C. 20044
        Telephone: (202) 514-8031
        Facsimile: (202) 514-4963
        E-Mail: Bensen.Solivan@usdoj.gov
        *Attorneys for the United States of America*

        *Of Counsel:*

        Roger B. Handberg
        United States Attorney
        Middle District of Florida

## CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2024, I filed this document using the Court's electronic filing system, which will serve a copy on all registered parties.

        */s/ Bensen V. Solivan*
        Bensen V. Solivan
        Trial Attorney, Tax Division
        U.S. Department of Justice